# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF JOSEPH BYRNE,<br><br>    Plaintiff,<br><br>v.<br><br>TD BANK, N.A.,<br><br>    Defendant. | Civil Action No.: 2:24-cv-06783-MCA-MAH |

---

## DEFENDANT TD BANK, N.A.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**BROWN & CONNERY, LLP**
Jennifer A. Harris, Esq.
James P. Clancy, Esq.
6 North Broad Street
Woodbury, New Jersey 08096
(856) 812-8900
jharris@brownconnery.com
jclancy@brownconnery.com

*Attorneys for Defendant, TD Bank, N.A.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY .........................................2

LEGAL ARGUMENTS ......................................................................................3

   I.   MOTION TO DISMISS STANDARD PURSUANT TO FED. R. CIV. P. 12(b)(6) ...................................................................................................3

   II.   THE EFTA CONTROLS THIS MATTER .........................................4

        A. 60-Day Notice Requirement ................................................6

        B. Statute of Limitations ..........................................................8

   III.   UCC ARTICLES 3 AND 4 ARE INAPPLICABLE ......................................9

   IV.   THE ESTATE'S COMMON LAW CLAIMS FAIL AS A MATTER OF LAW ................................................................................................11

        A. Negligence ........................................................................11

        B. Breach of Fiduciary Duty ...................................................13

        C. Conversion ........................................................................15

CONCLUSION ................................................................................................16

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Beaman v. Bank of Am., N.A.*,
  2023 U.S. Dist. LEXIS 129877 (D.N.J. July 27, 2023) .................................................... 7

*Doe v. Princeton Univ.*,
  30 F.4th 335 (3d Cir. 2022) ........................................................................................... 4, 5

*Drosos & Assocs., PC v. TD Bank, N.A.*,
  2024 U.S. Dist. LEXIS 35059 (D.N.J. Feb. 29, 2024) ..................................................... 15

*Estate of Paley v. Bank of America*,
  420 N.J. Super. 39 (App. Div. 2011) ............................................................................... 10

*Globe Motor Car Co. v. First Fid. Bank, N.A.*,
  273 N.J. Super. 388 (Law. Div. 1993) .................................................................. 12, 13, 14

*Golden-Koether v. JPMorgan Chase Bank, N.A.*,
  2011 U.S. Dist. LEXIS 136472 (D.N.J. Nov. 29, 2011) ............................................. 5, 7, 9

*Klemm v. Labor Cooperative Nat'l Bank,*
  117 N.J.L. 284, 287 (E. & A.1936) ................................................................................. 18

*McKelvey v. Pierce*,
  173 N.J. 26 (2002) ........................................................................................................... 14

*Morrow v. Balaski*,
  719 F.3d 160 (3d Cir. 2013) .............................................................................................. 4

*Overby v. Chase Manhattan Bank*,
  351 F. Supp. 2d 219 (S.D.N.Y. 2005) ............................................................................... 8

*Pagano v. United Jersey Bank*,
  143 N.J. 220 (1996) ......................................................................................................... 14

*Palakovic v. Wetzel*,
  854 F.3d 209 (3d Cir. 2017) .............................................................................................. 3

*Perry v. OCNAC #1 Fed. C.U.*,
  423 F. Supp. 3d 67 (D.N.J. 2019) ............................................................................... 7, 8, 9

*Read v. Profeta*,
  397 F. Supp. 3d 597 (D.N.J. 2019) .................................................................................. 14

*Rickerson v. Pinnacle Foods Inc.*,
  2018 U.S. Dist. LEXIS 59810 (D.N.J. April 9, 2018) ..................................................... 15

*Sheridan v. NGK Metals Corp.*,

    609 F.3d 239 (3d Cir. 2010) ............................................................................................ 4

*Siemens Bldg. Techs., Inc. v. PNC Fin. Servs. Grp., Inc.*,
    226 F. App'x 192 (3d Cir. 2007) ....................................................................................10

*Townsend v. Pierre*,
    221 N.J. 36 (2015) ......................................................................................................... 12

*United Jersey Bank v. Kensey*,
    306 N.J. Super. 540 (App. Div. 1997) ........................................................................... 14

**STATUTES**

N.J.S.A. 12A:4-101 to 504 ..................................................................................................... 10

N.J.S.A. 12A:3-101 to 605 ..................................................................................................... 10

N.J.S.A. 12A:3-104, cm ......................................................................................................... 10

N.J.S.A. 12A:4-101, cm ......................................................................................................... 10

# **PRELIMINARY STATEMENT**

Following the death of Joseph Byrne ("Byrne"), the Estate of Joseph Byrne ("Estate") filed a complaint against TD Bank challenging debit card transactions on Byrne's TD Bank account that occurred between June 2022 and November 2022. All of the transactions were processed before Byrne passed away and the Estate acknowledges that Byrne verified, on numerous occasions, that transactions from each of the three (3) merchants were in fact authorized. In addition to the absence of factual support for its claims, the Estate's claims are time barred pursuant to the sixty-day notice provision and statute of limitations set forth in the Electronic Fund Transfer Act ("EFTA") and Regulation E ("Reg E"), which govern debit card transactions. 12 CFR 1005.3(b)(1)(v).

The Estate's claims sound in common law and pursuant to unspecified provisions of New Jersey's Uniform Commercial Code (the "UCC"). All of the Estate's claims should fail as a matter of law. First, this case does not involve negotiable instruments or deposits and collections and therefore the UCC is inapplicable. Instead, electronic fund transfers, such as the debit card transactions at issue here, are the domain of Reg E. Second, because the Estate's common-law claims are inconsistent with Reg E's statutes of limitation, they independently fail as a matter of law.

TD Bank respectfully requests that the Court grant this Motion to Dismiss the Estate's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## **RELEVANT FACTS AND PROCEDURAL HISTORY**[1]

Byrne opened a TD Bank checking account in November 2016 and deposited approximately $500,000 into that account. (See ECF No. 1, Plaintiff's Complaint ("Compl.") at ¶ 3). A debit card was issued to Byrne for the TD Bank account. (Id.). Byrne allegedly suffered from various health issues, and had a heart attack in January 2022. (Id. at ¶ 4). On December 4, 2022, Byrne passed away. (Id. at ¶ 7).

The Estate alleges that between June 21, 2022 and November 1, 2022, TD Bank "permitted a series of fraudulent transactions, approximately 400 in total, to withdraw $180,000 from [Byrne's] account." (Id. at ¶ 5 (the "Debit Card Transactions")). The Debit Card Transactions were electronically processed by: (a) settlements24.com, (b) amrflpay.com, and (c) esettle24.com. (Id. at ¶¶ 3, 13-23). The Estate does not allege that Byrne disputed any of the Debit Card Transactions with TD Bank, all of which occurred during Byrne's life. (Id. at ¶¶ 5, 7, *Passim*). To the contrary, Byrne verified various transactions from each of the three (3)

---

[1] The Estate's factual allegations are taken as true for purposes of this Rule 12 motion only.

merchants in issue in this case pursuant to SMS text message and voice confirmation. (Id. at ¶¶ 12, 14-16, 18, 20, 22, 27).[2]

On February 16, 17, and 20 and March 5, 2023, the Estate, by the Executrix, filed claims with TD Bank in connection with the Debit Card Transactions. (Id. at ¶¶ 7-8).

On May 7, 2024, *more than twenty-two (22) months after* the first of the Debit Card Transactions posted to Byrne's TD Bank account, the Estate filed a Complaint in the Superior Court of New Jersey, Law Division, Union County. (See generally ECF No. 1, Compl.). On June 6, 2024, TD Bank removed this action to the United States District Court for the District of New Jersey. (See ECF No. 1, Notice of Removal).

## LEGAL ARGUMENTS

**I.  Motion to Dismiss Standard Pursuant to Fed. R. Civ. P. 12(b)(6).**

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A

---

[2] The Complaint contains a single reference to an alleged December 3, 2022 transaction by "California Purchase" in the amount of $21,886 that TD Bank was allegedly unable to locate. (ECF No.1, Compl. at ¶ 29). The Complaint does not allege that the "California Purchase" transaction was either (a) unauthorized, or (b) that the Estate filed a claim with TD Bank disputing the transaction. (Id., *Passim*.) Therefore, TD Bank understands no claim is being asserted by the Estate in connection with the alleged "California Purchase".

claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting Ashcroft, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although factual allegations should be accepted as true, the court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013).

## II. The EFTA Controls this Matter.

The Estate's Complaint is premised exclusively on the allegedly unauthorized Debit Card Transactions. (ECF No. 1, Compl. at ¶ 3, 5, *Passim*). The Complaint notes the issuance of a debit card on Bryne's TD Bank checking account, and the three (3) merchants that electronically processed the Debit Card Transactions: (a) settlements24.com, (b) amrflpay.com, and (c) esettle24.com. (Id. at ¶¶ 3, 13-23). Each of the Debit Card Transactions was processed as either a "Debit Card" or "Intl Debit Card" purchase. (See Certification of Jennifer A. Harris, dated June 27, 2024 ("Harris Cert.") filed herewith, at Exhibit A).[3] The EFTA and Reg E, EFTA's

---

[3] TD Bank's reference to the attached account statements does not transform its Motion to Dismiss into one for summary judgment. See Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022) ("[W]here a document is 'integral to or explicitly relied upon in the complaint,' it 'may be considered without converting the motion to

4

implementing regulation, govern the Debit Card Transactions. 12 CFR 1005.3(b)(1)(v).

The EFTA was enacted "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). It provides a private cause of action for a consumer to seek damages for a financial institution's unauthorized electronic transfer of funds from the consumer's account. See 15 U.S.C. §§ 1693a, 1693m; Golden-Koether v. JPMorgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 136472, at *4 (D.N.J. Nov. 29, 2011).[4]

The term "electronic fund transfer" or "EFT" includes any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account. 12 CFR 1005.3(b)(1). Accordingly, Reg E, the EFTA's implementing regulation, applies, without limitation, to electronic fund transfers, including debit card, automatic clearing house transactions ("ACH"),

---

dismiss into one for summary judgment' under Rule 56." (quoting Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020)).

[4] The EFTA and Reg E apply to electronic fund transfers on a consumer account, "established primarily for personal, family, or household purposes." 12 CFR 1005.2(b)(1); 12 CFR 1005.3(a). Here, while the Estate is bringing claims, the Estate alleges the Debit Card Transactions were completed on Bryne's personal account and thus the EFTA and Reg E is the appropriate legal framework. (ECF No. 1, Compl. at ¶¶ 3, 5).

prepaid account, and other electronic transfers to or from a consumer account. 12 CFR 1005.3(b)(1)(v).

The Estate asserts three (3) common law and two (2) New Jersey statutory claims against TD Bank in connection with the Debit Card Transactions, yet it does not assert a claim pursuant to the EFTA or Reg E, likely in an effort to avoid the clear time bars discussed below. (ECF No. 1, Compl., *Passim*). Permitting an untimely EFTA claim to proceed as common law and (inapplicable) New Jersey statutory claims subject to conflicting statute of limitations would render superfluous both the EFTA's one-year statute of limitations and sixty-day notice requirement. 15 U.S.C. § 1693m(g); 15 U.S.C. § 1693f(a).

### A. 60-Day Notice Requirement.

The EFTA requires that a customer notify its bank of any unauthorized electronic fund transfer within sixty days of receiving an account statement reflecting the transaction. 15 U.S.C. § 1693f(a). The Debit Card Transactions - recurring transactions from the same three (3) merchants - occurred between June 21, 2022 and November 1, 2022. (ECF No. 1, Compl. at ¶ 6). According to the Complaint, TD Bank first received notice of some of the allegedly unauthorized Debit Card Transactions on February 16, 2023. (ECF No. 1, Compl. at ¶ 8). The absence of timely notice to TD Bank dooms the Estate's claim.

"The EFTA requires that when a consumer believes an unauthorized electronic fund transfer or other error has occurred, the consumer must provide, within sixty days of receiving documentation such as an account statement, oral or written notice to a financial institution setting forth . . . the error." Golden-Koether, 2011 U.S. Dist. LEXIS at *5 (citing 15 U.S.C. § 1693f(a)). "If the consumer fails to report within 60 days, there is no requirement that they be reimbursed for losses that could have been prevented if they had reported the unauthorized transaction." 15 U.S.C. § 1693g(a); Perry v. OCNAC #1 Fed. C.U., 423 F. Supp. 3d 67, 77 (D.N.J. 2019). Failure to provide such timely notice is fatal to an EFTA claim. See Beaman v. Bank of Am., N.A., 2023 U.S. Dist. LEXIS 129877, at *33 (D.N.J. July 27, 2023) (citing In re Bank of America California Unemployment Benefits Litig., 2023 U.S. Dist. LEXIS 92232, at *17 (S.D. Ca. May 25, 2023) ("A complaint that doesn't allege that a consumer provided timely notice doesn't state a claim under the EFTA. At the pleading stage, a complaint must state sufficient facts, construed in the light most favorable to the plaintiff, to plausibly allege timely notice.").

The first of the Debit Card Transactions occurred on June 21, 2022, and the last on November 1, 2022. (ECF No. 1, Compl. at ¶ 5). Yet TD Bank did not receive notice that *some* of the Debit Card Transactions were disputed until February 16, 2023. (Id. at ¶ 8). The November 1, 2022 transaction, the most generous for the Estate, was captured on the account statement generated November 10, 2022. (See

7

Harris Cert., at Exhibit B). The sixty-day window to notify TD Bank of any of the Debit Card Transactions closed on January 9, 2023. 15 U.S.C. § 1693g(a). However, TD Bank was not notified of the Debit Card Transactions until the middle of February 2023. (ECF No. 1, Compl. at ¶ 8). Significantly, because the Debit Card Transactions consisted of recurring transactions from the same three (3) merchants, timely notice to TD Bank would have prevented the later transactions from the same merchants. The first allegedly unauthorized Debit Card Transaction took place on June 21, 2022, and therefore the Estate's sixty-day notice window really expired no later than September 19, 2022, 90 days from the first of the Debit Card Transactions. (Id. at ¶¶ 5, 13-23); 15 U.S.C. § 1693g(a); Perry, 423 F. Supp. 3d at 77.

The absence of timely notice to TD Bank precludes Plaintiff's claim.

### B. Statute of Limitations.

Even assuming for the sake of argument that notice was timely provided, which is belied by the Complaint, any claim related to the Debit Card Transactions is time-barred by the EFTA's one-year statute of limitations. Any claim under the EFTA must be filed "within one year from the date of the occurrence of the violation." See 15 U.S.C. § 1693m(g); see also Overby v. Chase Manhattan Bank, 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005). "The statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to

the financial institution." Perry, 423 F. Supp. 3d at 78 (quoting Golden-Koether, 2011 U.S. Dist. LEXIS 136472, at *5).

As noted above, the account statement containing the most recent of the Debit Card Transactions, which posted November 1, 2022, was generated on November 10, 2022. (See Harris Cert., Exhibit B). The Estate was therefore required to provide notice of the Debit Card Transactions to TD Bank no later than January 9, 2023, sixty days from November 10, 2022. The statute of limitations began to run ten days later, on January 19, 2023. See Perry, 423 F. Supp. 3d at 78. The one-year statute of limitations expired on January 19, 2024. Plaintiff did not file the Complaint until May 7, 2024, well beyond the one-year statute of limitations.[5]

The Estate's claims are time barred by the statute of limitations of the EFTA and Reg E.

## III. UCC Articles 3 and 4 are Inapplicable.

The Complaint alleges claims pursuant to unspecified statutes within articles 3 and 4 of the UCC. (ECF No. 1, Compl. at ¶¶ 37-45, 54-58). As set forth more fully below, since neither of these articles of the UCC are applicable to the Debit

---

[5] Even if the Court were to determine that the Estate's claim did not begin to accrue until ten days after its untimely March 5, 2023 notice to TD Bank of the Debit Card Transactions, the claim is still barred by the EFTA's one-year statute of limitations. (ECF No. 1, Compl. at ¶ 8); 15 U.S.C. § 1693m(g).

9

Card Transactions, electronic fund transfers, the Estate's two UCC claims should be dismissed as a matter of law.

"Article 3 of the UCC, N.J.S.A. 12A:3-101 to 605, governs negotiable instruments, and Article 4, N.J.S.A. 12A:4-101 to 504, governs bank deposits and collections." Estate of Paley v. Bank of America, 420 N.J. Super. 39, 50-51 (App. Div. 2011). "Articles 3 and 4 of the UCC set forth the rights, duties and liabilities of banks and customers concerning commercial paper." Id. at 51 (quoting Travelers Indem. Co. v. Good, 325 N.J. Super. 16, 21 (App. Div. 1999)). "[T]he term 'negotiable instrument' is limited to a signed writing that orders or promises payment of money." N.J.S.A. 12A:3-104, cmt. 1. Article 4, meanwhile, and as noted above, "defines rights between parties with respect to bank deposits and collections." N.J.S.A. 12A:4-101, cmt. 3.

The Complaint contains no allegations related to negotiable instruments or collections and deposits. (ECF No. 1, Compl., *Passim*). Instead, the Estate alleges that following issuance of a debit card to Bryne, TD Bank permitted transfers on Byrne's account from (a) settlements24.com, (b) amrflpay.com, and (c) esettle24.com. (Id. at ¶¶ 3, 13-23). All of the Debit Card Transactions were debit card transactions governed by the EFTA and Reg E. (Id. at ¶¶ 13-23). "Negotiable instruments" include checks. Siemens Bldg. Techs., Inc. v. PNC Fin. Servs. Grp.,

Inc., 226 F. App'x 192, 199 (3d Cir. 2007). None of the Debit Card Transactions are negotiable instruments.

The Estate's two UCC claims, counts two and four, should be dismissed as a matter of law, as they fail to state a claim for relief.

**IV.   The Estate's Common Law Claims Fail as a Matter of Law.**

The Estate alleges three common law claims, all premised on the Debit Card Transactions: negligence (count one), breach of fiduciary duty (count three), and conversion (count five). The Estate generally alleges that TD Bank had a duty, which it allegedly breached, by "failing to account for and preserve Plaintiff's assets." (ECF No. 1, Compl. at ¶¶ 31-36). Moreover, the Estate alleges TD Bank owed the Estate a fiduciary duty, since it was "in a dominant or superior position" and the Estate trusted TD Bank. (Id. at ¶¶ 46-53). Finally, the Estate alleges TD Bank "unilaterally and illegally" transferred the Estate's funds without its prior knowledge or authorization. (Id. at ¶¶ 59-62). As set forth more fully below, notwithstanding that the Estate's common law claims are time-barred pursuant to the EFTA, the Estate's claims independently fail on their merits.

**A.   Negligence**

The Estate alleges TD Bank owed it a duty "with respect to its banking services, pursuant to the Uniform Commercial Code." (ECF No. 1, Compl. at ¶ 32). The Estate further alleges that TD Bank "negligently permitted hundreds of

identical, clearly fraudulent debits against Plaintiff's account" and that TD Bank "breached its duty of care to Plaintiff by failing to account for and preserve Plaintiff's assets." (Id. at ¶¶ 33-34). The Estate's common law negligence claim fails, as a matter of law, because the Estate cannot establish the existence of a duty owed by TD Bank.

"To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015). It is well established that the relationship between a bank and depositor is generally not fiduciary in nature. Klemm v. Labor Cooperative Nat'l Bank, 117 N.J.L. 284, 287 (E. & A.1936). "Absent a contractual duty, a bank has no obligation to manage, supervise, control or monitor the financial activity of its debtor-depositor and is not liable to its depositor in negligence for failing to uncover a major theft." Globe Motor Car Co. v. First Fid. Bank, N.A., 273 N.J. Super. 388, 395 (Law. Div. 1993), aff'd sub nom. 291 N.J. Super. 428 (App. Div. 1996).

The Complaint is devoid of any facts that could create a duty on TD Bank to manage or monitor the Estate's financial activity. As a threshold issue, the Estate is a non-customer, with no alleged relationship with TD Bank, which forecloses the existence of a duty. (ECF No. 1, Compl., *Passim*). Assuming the Estate intended to allege that the duty was owed to Byrne, a former TD Bank customer, as opposed

to the Estate, the mere existence of a relationship between a bank and customer is not sufficient for a bank to be liable in negligence. Globe Motor Car Co., 273 N.J. Super. at 395.

All of the Debit Card Transactions occurred while Byrne was alive. (ECF No. 1, Compl. at ¶¶ 6,7). The Complaint repeatedly acknowledges that transactions from each of the three (3) merchants were authorized by Byrne via SMS messaging and/or voice authorization. Aside from alleging the Debit Card Transactions were processed by a merchant in Cyprus, the Estate alleges no facts to support the conclusory allegation that the Debit Card Transactions were unauthorized.[6] (Id. at ¶ 26). "[I]mposing a duty on a bank that would obligate it to be responsible for its depositor's financial affairs would be impractical as a matter of public policy." Globe Motor Car Co. 273 N.J. Super. at 395.

The Estate's negligence claim fails as a matter of law.

**B.  Breach of Fiduciary Duty.**

Next, the Estate alleges a common law claim for breach of fiduciary duty. According to the Estate, "[b]y virtue of the relationship between Plaintiff and TD Bank, TD Bank owes Plaintiff a fiduciary duty." (ECF No. 1, Compl. at ¶ 47). The

---

[6] In order to constitute an "unauthorized electronic fund transfer" the transaction must be "initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit." 12 CFR 1005.2(m).

Estate further alleges that TD Bank "was in a dominant or superior position" after having placed trust in TD Bank. (Id. at 48). The Estate also alleges that TD Bank, "in a clear breach of its fiduciary duties," "failed to recover funds or recompense Plaintiff." (Id. at 50). However, Plaintiff's breach of fiduciary duty claim fails as a matter of law because a bank generally does not owe its customer a fiduciary duty.

To state a claim for breach of fiduciary duty, a plaintiff must allege: "1) the existence of a fiduciary duty or relationship between the parties; 2) breach of that duty; and 3) resulting damages." Read v. Profeta, 397 F. Supp. 3d 597, 633 (D.N.J. 2019) (citation omitted). A fiduciary relationship may arise when "one party places trust and confidence in another who is in a dominant or superior position." McKelvey v. Pierce, 173 N.J. 26, 57 (2002).

As set forth above, the Estate is not a TD Bank customer. Moreover, it is well established that the relationship between a bank and depositor is generally not fiduciary in nature. Klemm, 117 N.J.L. at 287. The relationship between a bank and its customer is akin to a debtor-creditor relationship, which does not create a fiduciary duty. Globe Motor Car Co., 273 N.J. Super. 388 (Law Div. 1993); Pagano v. United Jersey Bank, 143 N.J. 220, 233 (1996) ("[W]hen a bank accepts a deposit from a depositor for either a checking or savings account, a creditor-debtor relationship typically is established."); see also United Jersey Bank v. Kensey, 306 N.J. Super. 540 (App. Div. 1997) (noting that ordinarily a "bank's relationship with

a depositor is one of debtor-creditor," and "[t]he virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty.").

Here, the Complaint alleges nothing other than conclusory, formulaic recitations of the elements of a breach of fiduciary duty claim. Such conclusory allegations are insufficient to survive a motion to dismiss. See Drosos & Assocs., PC v. TD Bank, N.A., 2024 U.S. Dist. LEXIS 35059, *14 (D.N.J. Feb. 29, 2024) ("Plaintiffs offer nothing but conclusory allegations of a fiduciary relationship with TD Bank. It is axiomatic that this Court must disregard such base assertions.").

### C. Conversion.

Finally, in count five, the Estate alleges a common law conversion claim. According to Plaintiff, "TD Bank unilaterally and illegally transferred Plaintiff's funds without Plaintiff's prior knowledge, authorization, or consent." (ECF No. 1, Compl. at 60). TD Bank has allegedly "deprived Plaintiff of its funds held at TD Bank without reason, cause, or excuse." (Id. at 61).

The elements of common law conversion are "(1) the existence of property; (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by the defendant." Rickerson v. Pinnacle Foods Inc., 2018 U.S. Dist. LEXIS 59810, *5 (D.N.J. April 9, 2018).

The Estate alleges that TD Bank "illegally" transferred the Estate's funds without authorization, however, the Estate also alleges that Byrne confirmed

15

numerous Debit Card Transactions *were* authorized. (ECF No. 1, Compl. at ¶¶ 12, 14, 16, 18, 20, 22, 27). Despite Byrne's regular use of his TD Bank account during the relevant timeframe, there is no allegation that Byrne ever notified TD Bank or anyone else that any of the Debit Card Transactions were disputed. (Id., *Passim*); (see also Harris Cert. at Exhibits A and B). The electronic fund transfers were processed by three (3) identified merchants, none of which were TD Bank. (Id.). The Estate alleges only threadbare recitals regarding TD Bank depriving the Estate of its property. In light of the Estate's failure to adequately plead the required elements of conversion, count five of the Complaint must be dismissed.

## CONCLUSION

For all the foregoing reasons, TD Bank respectfully submits that its Motion to Dismiss the Estate's Complaint should be granted, and the Estate's claims dismissed as a matter of law in their entirety.

**BROWN & CONNERY, LLP**
*Attorneys for Defendant,*
*TD Bank, N.A.*

*/s/ Jennifer A. Harris*
Jennifer A. Harris

Dated: June 27, 2024